ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| JAPHET TORO OLIVIERI<br><br>Peticionario<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN<br><br>Recurrido | KLRA202400468 | *Revisión Judicial* procedente del Departamento de Corrección<br><br>Caso Núm.: CDO-50-2024<br><br>Sobre: Solicitud de Aplicación Ley 66 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez

Campos Pérez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 6 de septiembre de 2024.

El Sr. Japhet Toro Olivieri (señor Toro Olivieri o recurrente), quien se encuentra confinado bajo la custodia del Departamento de Corrección y Rehabilitación (DCR), presentó, por derecho propio, un recurso de revisión judicial para recurrir la *Resolución* emitida el 21 de junio de 2024. En la referida determinación final, la División de Remedios Administrativos del DCR indicó al recurrente la inaplicabilidad de la rebaja de sentencia invocada, al amparo de la Ley Núm. 66-2022.

Anticipamos la desestimación del recurso administrativo por falta de jurisdicción. Asimismo, eximimos a la parte recurrida de presentar su alegato, por virtud de la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 7 (B)(5). Al amparo de la norma procesal, este foro revisor tiene la facultad de prescindir de escritos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho.

**I.**

De conformidad con el expediente ante nos, el 13 de marzo de 2024, el señor Toro Olivieri instó la *Solicitud de Remedio*

Número Identificador

SEN2024_____

*Administrativo CDO-50-24.*[1] Allí indicó que cumplía una sentencia de veinte (20) años por la violación del Artículo 189 del Código Penal de 2012, *Robo*.[2] Expresó que tenía conocimiento de la Ley Núm. 66-2022 y reclamó el cuarenta por ciento (40%) de la reducción de su condena. Huelga decir que la Ley Núm. 66 de 19 de julio de 2022 enmendó varios artículos del Plan de Reorganización del DCR de 2011, 3 LPRA Ap. XVIII (Plan de 2011), a los fines de que los convictos que estén disfrutando de los beneficios que concede la Junta de Libertad Bajo Palabra tengan derecho a recibir las bonificaciones establecidas por concepto de buena conducta y asiduidad, trabajo, estudio y otros servicios.

El 18 de marzo de 2024, el DCR emitió la *Respuesta al miembro de la población correccional.*[3] Explicó que las bonificaciones de la Ley Núm. 66-2022 aplicaban a la persona sentenciada que se encontraba disfrutando de "**un permiso concedido bajo un Programa de Rehabilitación o disfrutando de Libertad Bajo Palabra**".[4] (Énfasis en el original). Añadió que al recurrente le aplicaban las bonificaciones de la Ley Núm. 87-2020. En esencia, la Ley Núm. 87 de 4 de agosto de 2020, que en esa ocasión enmendó el Artículo 11 del Plan de 2011, extendió —sujeto a ciertas excepciones— a toda la población penal la oportunidad de recibir las bonificaciones por buena conducta y asiduidad.

---

[1] Véase, Apéndice del recurso administrativo.

[2] Caso ISCR201402265. Según la página web del Poder Judicial, el recurrente hizo alegación de culpabilidad por este cargo y otras dos infracciones a la Ley de Armas de 2000, vigente a los hechos; a saber: Artículo 5.04 (ISCR201402266) y Artículo 5.15 (ISCR201402267).

[3] Véase, Apéndice del recurso administrativo.

[4] En su parte pertinente, el Artículo 11 del Plan de 2011 *Sistema de rebaja de términos de sentencias*, 3 LPRA Ap. XVIII, Art. 11, dispone como sigue: "Toda persona sentenciada a cumplir término de reclusión en cualquier institución, antes de la vigencia del Código Penal de Puerto Rico de 2004, que esté disfrutando de un permiso concedido a tenor con lo dispuesto en este Plan o que se encuentre recluida en cualquier entidad gubernamental o privada como parte de un programa de rehabilitación, o disfrutando de libertad bajo palabra concedida por la Junta de Libertad Bajo Palabra, y que observare buena conducta y asiduidad, tendrá derecho a las siguientes rebajas del término de su sentencia, las cuales se computarán desde su admisión a la institución de que se trate o desde que se concede la libertad bajo palabra [...]".

En lo que atañe a este caso, la *Respuesta* fue notificada al señor Toro Olivieri el **1 de abril de 2024**.[5]

Inconforme con el resultado, el **2 de mayo de 2024**, el recurrente instó una *Solicitud de reconsideración*.[6] Insistió en la letra clara de la ley y reprodujo parte de la disposición legal. El escrito de reconsideración fue recibido el 24 de mayo de 2024 y acogido el 12 de junio de 2024. El 21 de junio de 2024, el DCR sostuvo su previa determinación mediante la *Resolución* recurrida.[7]

El 9 de julio de 2024, el señor Toro Olivieri presentó un recurso ante el Tribunal de Primera Instancia (TPI).[8] Al versar sobre un "asunto civil independiente del caso criminal", el TPI lo refirió al área de lo civil para la acción correspondiente.[9] Entonces, el 16 de agosto de 2024,[10] el señor Toro Olivieri incoó el recurso de revisión judicial que nos ocupa. Aun cuando no esboza un señalamiento de error en específico, solicita nuestra intervención para aplicar a su condena una reducción de un cuarenta por ciento (40%), por buen comportamiento, al palio de la Ley Núm. 66-2022.

## II.

### A.

El Tribunal Supremo de Puerto Rico ha definido *jurisdicción* como el poder o autoridad que ostentan los tribunales para considerar y decidir los casos y las controversias ante su atención.

---

[5] Véase, acápite 5 de la *Resolución* en el Apéndice del recurso administrativo.

[6] Véase, Apéndice del recurso administrativo.

[7] En el dictamen administrativo, suscrito por la funcionaria Melissa Ruiz Sepúlveda, se consignó que el recurrente "cumple una sentencia de 20 años por los delitos de, Art. 189, Art.5.04 LA, Art.5.15 LA, su mínimo de sentencia está cumplido (14 de enero de 2023) y su máximo de sentencia est[á] para el 20 de septiembre de 2031. Usted se encuentra cumpliendo dentro de una Institución carcelaria. La Ley 66 es clara, donde expone que s[ó]lo es para los confinados que se encuentren en la libre comunidad bajo la Jurisdicción de la Junta Libertad Bajo Palabra, o de algún Programa que est[é] bajo el Departamento de Corrección y Rehabilitación. No para los que se encuentren dentro de una institución carcelaria". Véase, *Conclusiones de derecho* de la *Resolución* en el Apéndice del recurso administrativo.

[8] Véase, Apéndice del recurso administrativo.

[9] Véase, Apéndice del recurso administrativo.

[10] El sobre de envío fue sellado el 20 de agosto de 2024 y el recurso fue recibido al día siguiente ante este la Secretaría de este foro intermedio. Véase, Apéndice del recurso administrativo.

*Beltrán Cintrón v. ELA,* 204 DPR 89, 101 (2020), que cita a *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019). Como se sabe, a diferencia de un término de cumplimiento estricto, "**el término jurisdiccional es fatal, improrrogable e insubsanable, rasgos que explican por qué no puede acortarse, como tampoco es susceptible de extenderse**". (Énfasis nuestro). *Martínez, Inc. v. Abijoe Realty Corp.*, 151 DPR 1, 7 (2000). Es decir, el incumplimiento de un término jurisdiccional impide la revisión judicial. *Soto Pino v. Uno Radio Group,* 189 DPR 84, 92 (2013), que cita a *Cruz Parrilla v. Depto. Vivienda,* 184 DPR 393 (2012).

Es norma reiterada que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, ya que no tenemos discreción para asumirla si no la hay. Por ello, las cuestiones relativas a la jurisdicción son privilegiadas y, como tal, deben atenderse y resolverse con preferencia y prontitud. La falta de jurisdicción no es susceptible de ser subsanada. Más aún, ante un cuestionamiento de falta de jurisdicción, estamos compelidos a auscultarla, toda vez que el planteamiento jurisdiccional incide directamente sobre el poder para adjudicar una controversia. **Un dictamen emitido sin jurisdicción es nulo en Derecho y, por lo tanto, inexistente**. En consecuencia, una vez un tribunal determina que no tiene jurisdicción para entender en el asunto presentado ante su consideración, procede la inmediata desestimación del recurso apelativo de conformidad con lo ordenado por las leyes y los reglamentos. *S.L.G Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882-883 (2007); *Torres Alvarado v. Madera Atiles, supra,* págs. 499-500; además, *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014); *Suffront v. A.A.A.*, 164 DPR 663, 674 (2005). Al respecto, la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, autoriza a esta curia a desestimar un recurso apelativo, bajo

el fundamento de falta de jurisdicción, estatuido en el inciso (B) (1) de la misma norma procesal.

**B.**

En lo que compete al recurso del título, el Artículo 4.002 de la Ley Núm. 201 de 22 de agosto de 2003, *Ley de la judicatura del Estado Libre Asociado de Puerto Rico de 2003*, 4 LPRA sec. 24 *et seq.* (Ley Núm. 201-2003), establece en lo atinente que el Tribunal de Apelaciones tendrá jurisdicción para revisar "como cuestión de derecho [...] las decisiones finales de los organismos y agencias administrativas". 4 LPRA sec. 24u. Por igual, el Artículo 4.006 de la Ley Núm. 201-2003 provee para la revisión judicial "de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas". 4 LPRA sec. 24y.

En armonía, la Sección 4.2 de la Ley Núm. 38 de 30 de junio de 2017, *"Ley de procedimiento administrativo uniforme del Gobierno de Puerto Rico*, 3 LPRA sec. 9601 *et seq.* (LPAUG), estatuye "un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley, **cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración**". (Énfasis nuestro). 4 LPRA sec. 9672.

Al respecto, la Sección 3.15 de la LPAUG dispone en parte lo siguiente: "La parte adversamente afectada por una resolución u orden parcial o final podrá, **dentro del término de veinte (20) días** desde la fecha de archivo en autos de la notificación de la resolución u orden, **presentar una moción de reconsideración de la resolución u orden**". (Énfasis nuestro). 3 LPRA sec. 9655.

Cónsono con lo anterior, el *Reglamento para atender las solicitudes de remedios administrativos radicadas por los miembros*

*de la población correccional*, de 4 de mayo de 2015 (Reglamento Núm. 8583), establece en la Regla XIV (1) que "[s]i el miembro de la población correccional no estuviere de acuerdo con la respuesta emitida, podrá solicitar la revisión, mediante **escrito de Reconsideración** ante el Coordinador, **dentro del término de veinte (20) días calendarios**, contados a partir del recibo de la notificación de la respuesta". (Énfasis nuestro).

**III.**

En la causa presente, el señor Toro Olivieri solicitó un remedio administrativo 13 de marzo de 2024. En síntesis, abogó por la aplicación de los beneficios conferidos en el Plan de 2011, por virtud de la Ley Núm. 66-2022. Mediante la *Respuesta* del DCR, en suma, se le explicó al recurrente que dicha disposición no aplicaba en su caso, toda vez que no era partícipe de un permiso ni de un programa de rehabilitación en una entidad gubernamental o privada ni de libertad bajo palabra, sino que estaba recluido en una institución penitenciaria, por lo que le aplicaba la Ley Núm. 87-2020.

La *Respuesta* se emitió el día 18 de marzo de 2024, pero según la agencia, se notificó al recurrente el **1 de abril de 2024**. El documento advierte al miembro de la población correccional a solicitar la revisión ante el Tribunal de Apelaciones dentro del término de treinta (30) días del recibo de la respuesta emitida; o a presentar "una solicitud de reconsideración dentro del término de veinte (20) días del recibo de la respuesta emitida".

En este caso, el señor Toro Olivieri optó por agotar los remedios administrativos y solicitar una reconsideración. Empero, la petición la presentó el **2 de mayo de 2024**; en lugar de 22 de abril de 2024,[11] cuando expiró el plazo de veinte (20) días que

---

[11] Si bien el término de veinte (20) días se cumplió el 21 de abril de 2024, por ser domingo, el plazo para solicitar la reconsideración se extendió al siguiente día laborable; esto es, el lunes, 22 de abril de 2024.

dispone tanto la LPAUG como el Reglamento Núm. 8583. Ciertamente, la tardanza en presentar la *Solicitud de reconsideración* impidió que la petición interrumpiera el plazo para acudir en revisión judicial ante esta Curia. Por ende, la funcionaria del DCR acogió la reconsideración del recurrente y dictó una *Resolución* sin jurisdicción para ello. De hecho, aun cuando el señor Toro Olivieri hubiera elegido recurrir el dictamen administrativo directamente ante este foro intermedio, también nos hubiéramos declarado sin jurisdicción, pues tenía hasta el 1 de mayo de 2024 para presentar el recurso de revisión judicial.

A la luz de lo esbozado y tras un examen ponderado del expediente administrativo, estamos compelidos a desestimar el recurso del epígrafe por falta de jurisdicción, toda vez que fue presentado de forma tardía.

**IV.**

Por los fundamentos expuestos, se desestima el recurso de revisión judicial, por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones